**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IGNACIO SIERRA CARLOS, | No. 19-71490 |
| Petitioner, | Agency No. A098-212-242 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 6, 2022
San Francisco, California

Before: NGUYEN and KOH, Circuit Judges, and BATAILLON,** District Judge.

Ignacio Sierra Carlos, a citizen of Mexico, challenges an agency decision

denying his motion to reopen his removal proceedings. We have jurisdiction under

8 U.S.C. § 1252. We grant the petition and remand.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Joseph F. Bataillon, United States District Judge for
the District of Nebraska, sitting by designation.

Sierra Carlos argues that the BIA erred in declining to equitably toll the filing deadline for his motion to reopen. Sierra Carlos argues that the Supreme Court's issuance of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), constituted an extraordinary circumstance warranting equitable tolling because it affected his statutory eligibility for cancellation of removal. *See Lona v. Barr*, 958 F.3d 1225, 1230 (9th Cir. 2020) ("The BIA may equitably toll th[e] statutory filing deadline . . . in cases where the petitioner seeks excusal from untimeliness based on a change in the law that invalidates the original basis for removal."); *see also Pereira*, 138 S. Ct. at 2113–14 (holding that "[a] putative notice to appear [("NTA")] that fails to designate the specific time or place of the noncitizen's removal proceedings is not a 'notice to appear under [8 U.S.C. §] 1229(a),' and so does not trigger the stop-time rule" for the continuous presence requirement for cancellation of removal (quoting 8 U.S.C. § 1229b(d)(1))).

In finding the filing deadline should not be equitably tolled, the BIA declined to determine whether Sierra Carlos had diligently pursued his rights. Instead, the BIA relied solely on its determination that "the Supreme Court's 2018 issuance of *Pereira* does not constitute an extraordinary circumstance that stood in [Sierra Carlos's] way and prevented the timely filing of his motion to reopen." However, the BIA's decision later makes clear that it understood *Pereira* to have no effect on Sierra Carlos's eligibility for cancellation of removal because the subsequent notice

2

of hearing perfected the deficient NTA and triggered the stop-time rule. The Supreme Court rejected this interpretation of *Pereira* in *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021). Thus, remand is in order.[1]

Although the BIA also determined that Sierra Carlos had not shown "that the evidence sought to be offered (i.e., evidence that the respondent has at [sic] one qualifying relative, his United States citizen wife, whom he married on June 13, 2014, . . .) was not available and could not have been discovered or presented at the former hearing,"[2] that is not an independent basis to deny the petition. Sierra Carlos was ordered removed on March 20, 2014, but did not marry his U.S. citizen wife until June 13, 2014. Thus, the BIA's conclusion that Sierra Carlos's marriage did not constitute new evidence that could not have been presented at the time of his removal proceedings was in error. *See Bhasin v. Gonzales*, 423 F.3d 977, 987 (9th Cir. 2005).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

[1] Sierra Carlos argues that the BIA also erred in finding that the IJ had jurisdiction over the removal proceedings notwithstanding the deficient NTA, but we rejected that argument in *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020).

[2] A motion to reopen must "state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B).